■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE MILAN, Appellant. [844 NYS2d 268]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 7, 2004, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 12½ to 25 years, unanimously affirmed.

Although portions of the prosecutor's summation were inappropriate, the court took sufficient curative actions with respect to the most egregious remarks. In any event, any error in the prosecutor's summation was harmless in view of the overwhelming evidence of defendant's guilt, which included extensive circumstantial and consciousness-of-guilt evidence that fully corroborated the testimony of the accomplice witnesses (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court conducted a sufficient inquiry of a juror who reported that defendant had been staring at her, but nevertheless assured the court that she could remain fair and impartial (*see People v Buford*, 69 NY2d 290, 298-299 [1987]), and it properly exercised its discretion in declining to pursue the matter any further. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it without merit.

The court properly exercised its discretion in precluding defendant from impeaching the general credibility of one of the coconspirator witnesses by inquiring about an unrelated drug investigation in which the witness did not appear to be implicated, since defendant lacked a good faith basis for such inquiry (*see People v Schwartzman*, 24 NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]). We note that the court provided defendant with an ample opportunity to delve into this witness's drug-related activities. Since defendant did not assert a constitutional right to make the excluded inquiries, he preserved, at most, a state law evidentiary issue, and his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]). We decline to review this claim in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.